# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 19-18467 |
| | ) | |
| AMERICAN PAIN SOCIETY, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Deborah Thorne |
| | ) | |
| | ) | **Hearing Date:** **November 7, 2019** |
| | ) | **Hearing Time:** **9:30 a.m.** |
| | ) | **Room No.:**     **613** |

## NOTICE OF MOTION

**TO:**   See attached Service List.

On **November 7, 2019** at **9:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before Judge Deborah Thorne in Courtroom 613, Dirksen Federal Courthouse, 219 S. Dearborn, Chicago, Illinois, and shall then and there present the attached **TRUSTEE'S MOTION FOR APPROVAL OF AUCTION SALE, APPROVAL OF BID PROCEDURES AND SCHEDULING OF FINAL HEARING,** a copy of which is attached.

Dated:  October 31, 2019

                                                Respectfully Submitted,

                                                **MICHAEL K. DESMOND, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of AMERICAN PAIN SOCIETY,**

                                                By:   */s/ Michael K. Desmond*
                                                        One of his Attorneys

Michael K. Desmond (#6208809)
Justin M. Herzog (#6324047)
FIGLIULO & SILVERMAN, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, Illinois 60603
Tel: (312) 251-4600
Fax: (312) 251-4610

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 19-18467 |
| | ) | |
| AMERICAN PAIN SOCIETY, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Deborah Thorne |
| | ) | |
| | ) | **Hearing Date:** November 7 2019 |
| | ) | **Hearing Time:** 9:30 a.m. |
| | ) | **Room No.:** 613 |

## TRUSTEE'S MOTION FOR APPROVAL OF AUCTION SALE, APPROVAL OF BID PROCEDURES AND SCHEDULING OF FINAL HEARING

Michael K. Desmond, not individually but solely in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of American Pain Society ("the Debtor"), by his attorneys and pursuant to 11 U.S.C. 363 and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), moves this Court for entry of an order approving an auction sale the Estate's right title and interest in *The Journal of Pain* ("Motion"), approving bid procedures and scheduling a final hearing on the Auction Sale. In support of this Motion, the Trustee respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §363 and Bankruptcy Rules 2002 and 6004.

**BACKGROUND**

4.  On June 28, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court"), thereby commencing the above-entitled case and creating the Debtor's estate (the "Estate").

5.  The Trustee was appointed as the chapter 7 trustee of the Estate on the Petition Date.

6.  Prior to the Petition Date, the Debtor operated a professional membership organization and served as a national chapter of the International Association for the Study of Pain. Disciplines represented include medicine, dentistry, psychology, nursing, physical therapy, pharmacy, basic science, government, law, business and industry.

7.  The Debtor holds the copyright and trademark rights to widely circulated monthly medical research journal known as "*The Journal of Pain*", which provides a platform in which clinical researchers, basic scientists, clinicians, and other healthcare professionals can publish original research regarding patient care, education, and health policy.  The rights to *The Journal of Pain* represent a significant asset to the Estate.

8.  On September 7, 2017, the Debtor entered into a five-year Journal Publishing Agreement with Elsevier, Inc., which runs through December 31, 2022 ("Publishing Agreement").  In exchange for granting Elsevier a license to publish *The Journal of Pain*, the Debtor receives annual minimum guaranteed royalties of $250,000.00, a fixed annual editorial stipend and the Debtor received an upfront signing bonus of $500,000.00.  In exchange, the Debtor pays Elsevier a monthly member subscription fee and the Debtor pays a monthly stipend

2

to the Editorial Staff.   On or about July 22, 2019, Elsevier served notice on the Trustee that it was terminating the Publishing Agreement effective September 1, 2019, and demanded a return of a pro-rata share of the signing bonus in the amount of $300,000.00, paid to the Debtor pursuant to Section 6.12 of the Publishing Agreement. The Trustee disputed Elsevier's right to terminate the Publishing Agreement and the Estate's obligation to refund any portion of the signing bonus.

9. Since the Petition Date, Elsevier has continued to publish the Journal of Pain for the months of July, August, and September but has demanded that the Trustee assume the Publishing Agreement and pay all cure costs due Elsevier.

10. On October 29, 2019, the Bankruptcy Court approved a Settlement Agreement between the Trustee and Elsevier, wherein Elsevier has agreed to continue to publish *The Journal of Pain* through and including December 31, 2019.

11. By this Motion, the Trustee seeks the entry of an order approving an Auction Sale of *The Journal of Pain*, approving the following Bid Procedures for the Auction Sale, and scheduling a final hearing on the Auction Sale.

## BID PROCEDURES

12. Assets to be sold:   The Trustee is offering for sale the Estate's right, title and interest in *The Journal of Pain*, and any associated copyright and trademark rights to *The Journal of Pain* held by the Estate ("**Purchased Assets**").

13. Excluded Assets:   All other assets of the Estate are specifically excluded. Additionally, the Trustee does not intend, and is not offering, to assume and assign the rights to the Publishing Agreement with Elsevier in connection with the sale of *The Journal of Pain*.

3

14. <u>Deadline for Bid Submissions</u>.  Bids shall be due on or before December 9, 2019 at 5:00 p.m. (Central Time) (the "**Bid Deadline**").

15. <u>Required Submissions for Bidding</u>.  In order to submit a bid, each person or entity ("**Potential Bidder**") must deliver to the Trustee via overnight mail or courier to Michael K. Desmond, Figliulo & Silverman, P.C., 10 S. LaSalle St., Suite 3600, Chicago, IL  60603 the following on or before the bid deadline:

- a. An executed Purchase Agreement (hard copy and electronic Microsoft Word document ) for the purchase of *The Journal of Pain*, with such Purchase Agreement substantially in the form attached hereto as Exhibit 1, and an electronic markup of the Potential Bidder's Purchase Agreement showing any and all amendments and modifications from the form of Purchase Agreement, including, but not limited to, purchase price and contact information of the Potential Bidder;

- b. the Potential Bidder's Purchase Agreement provides that the Potential Bidder is prepared to Consummate the transaction contemplated by the Purchase Agreement no later than the Closing Date;

- c. the Potential Bidder's deposit in the form of a cashier's check, or otherwise immediately available funds in the amount of 10.0% of the Purchase Price ("**Good Faith Deposit**") set forth in the Purchase Agreement payable to the Trustee, to be submitted along with the bid (funds to be delivered to Trustee);

- d. written evidence satisfactory to the Trustee of the Potential Bidder's authority or approval of the contemplated transaction and an affirmative statement that no other consents are required;

      e.      financial statements (or other financial information acceptable to the Trustee in his sole and absolute discretion) showing that the Potential Bidder has the financial ability to close on the Purchased Assets by the Closing Date;

      f.      a signed statement indicating that the Purchase Agreement is irrevocable until (i) the Auction has taken place and the Potential Bidder is not approved as the Successful Bidder or Back-up Bidder whether due to the Potential Bidder being not selected by the Trustee in his sole discretion or for any other reason whatsoever, in which case the Potential Bidder's Good Faith Deposit will be refunded unless otherwise forfeited pursuant to paragraph 21 below; or (ii) one business day following the closing of the Sale, in the event the Potential Bidder is selected as the Successful Bidder or Back-up Bidder, in which case, the Potential Bidder's Good Faith Deposit shall not be refunded until the Potential Bidder or another bidder has consummated the transaction;

      g.      a signed statement acknowledging the prohibition against collusive bidding;

      h.      The Trustee will not consider any offer that requires payment of a Termination Fee or other "stalking horse" protections or requires due diligence or financing contingencies of any kind.

16.    <u>Determination of Qualified Bids.</u>  A bid that complies with and is accompanied by the information set forth in Paragraph 15 above, as determined in the sole discretion of the Trustee, will be deemed a "**Qualified Bid**." A "**Qualified Bidder**" is a Potential Bidder that submits a Qualified Bid and, in the Trustee's sole discretion is determined to demonstrate the

5

financial capability to consummate the purchase of the Purchased Assets that is the subject of its Qualified Bid.

17. <u>Impact of Bid Rejection.</u>  If the Trustee determines that a Potential Bidder is not a Qualified Bidder, the Trustee shall return the Potential Bidder's Good Faith Deposit to the Potential Bidder promptly upon such determination.  At the Auction, only Qualified Bidders who have submitted Qualified Bids for the Purchased Assets shall have the right to bid on the Purchased Assets.  If no Qualified Bids are submitted to the Trustee prior to the Bid Deadline, the Auction shall be canceled.

18. <u>Timing and Location of Auction</u>.  The Auction shall be conducted on **December 12, 2019** (the "**Auction Date**") at **11:00 a.m**. CDT.  The Auction will be held at the offices of Figliulo & Silverman, P.C., 10 S. LaSalle St., Suite 3600, Chicago, Illinois 60603, or such other location designed by Trustee in advance of the Bid Deadline.  In addition to the Trustee and his counsel and other advisors, one representative from each of the Qualified Bidders that submitted a Qualified Bid, along with their respective professionals and advisors, will be permitted to attend the Auction.  In the event of a change in time or place of the Auction, the Trustee shall take commercially reasonable efforts to notify all Qualified Bidders who have timely submitted Qualified Bids on or before the Bid Deadline.

19. <u>Bid Increments.</u>   At the Auction, Qualified Bidders may increase their Qualified Bids in minimum bid increments of $10,000.00.

20. <u>Procedures for the Auction.</u>  The Auction shall be conducted in accordance with commercially reasonable procedures as shall be established by Trustee and his legal counsel.  The Trustee reserves his right to modify the Auction procedures at any time in his sole and absolute discretion.

21. <u>Determination of Successful Bid</u>.  Upon completion of the auction, the Trustee, in his sole discretion shall select the Qualified Bid that will maximize the value of the Purchased Assets and is in the best interest of the bankruptcy Estate (the "**Successful Bid**").  The Good Faith Deposit, as the case may be, for any Qualified Bidder shall be non-refundable until the Closing.  If the party submitting the successful Bid (the "**Successful Bidder**") fails to close the sale (other than as a result of the Trustee's breach), such party's Good Faith Deposit hall be retained by the Trustee as the Estate's sole and exclusive damages resulting from such failure to close.

22. <u>Right to Select Back-Up Bidder(s)</u>.  At the conclusion of the Auction, the Trustee may designate a "Back-Up Bidder" or multiple Back-Up Bidders (each a "**Back-Up Bidder**"), if necessary, provided that each Back-Up Bidder is willing to purchase the Purchased Assets for at least the Back-Up Bidder's last bid at the Auction.  If, for any reason, the party that submits the Successful Bid fails to consummate the purchase of the Purchased Assets:

   a. the Back-Up Bidder designated by Trustee shall be deemed to have submitted the highest and best bid, and shall be deemed the Successful Bid, and the Successful Bidder; and

   b. Trustee shall have the right to effectuate the sale of the Purchased Assets to the Back-Up Bidder as soon as is commercially reasonable.  Such Back-Up Bidder's Good Faith Deposit shall be held in escrow until the closing of the transaction with the Successful Bidder.

23. <u>Termination Fee</u>.  The Trustee will not consider any offer that requires payment of a Termination Fee, and will not agree to pay a Termination Fee.

24. <u>Bankruptcy Court Approval.</u>  The Auction Sale and the Trustee's agreement sell *The Journal of Pain* are expressly conditioned on approval of the by the United States Bankruptcy Court for the Northern District of Illinois, presiding over the bankruptcy the case *In Re: American Pain Society* Case No. 19-18467.

25. <u>Final Hearing on Auction Sale</u>  A Final Hearing to approve the Auction sale will be scheduled on the date set forth in the attached Notice.   The form of Notice of Sale Hearing to be sent to all creditors is attached hereto as Exhibit 2.

26. <u>Closing of Sale</u>.  Upon approval by the Bankruptcy Court, closing of the purchase and sale of the Purchased Assets to the Successful Bidder shall be on the Closing Date unless otherwise agreed to by the parties.  The Closing Date may be extended by written agreement of the Trustee and the Successful Bidder.

## SALE INFORMATION

27. The Trustee is in the process of assembling a packet of information obtained from the Debtor concerning *The Journal of Pain* ("Informational Packet"), which the Trustee will make available to all Potential Bidders upon execution of a Non-Disclosure Agreement.    All documents provided by the Trustee in the Informational Packet must be returned to the Trustee at the conclusion of the Auction Sale.    The Trustee makes no representations or warranties regarding the accuracy of the information contained in the Informational Packet and all Potential Bidders are encouraged to perform their own due diligence in connection with the sale.

## RELIEF REQUESTED

28. Pursuant to 11 U.S.C. § 363(b), the Trustee respectfully requests the entry of an order approving the auction sale of the Estate's right title and interest in *The Journal of Pain*, and any associated copyright and trademark rights to *The Journal of Pain* held by the Estate.

8

29. Section 363(b)(1) of the Bankruptcy Code authorizes the Trustee to "use, sell, or lease, other than in the ordinary course of business, property of the estate," after notice and a hearing. *See* 11 U.S.C. § 363(b)(1).

30. Courts generally approve sales outside of the ordinary course of business under Section 363(b)(1) of the Bankruptcy Code whenever such a sale is in the best interests of the estate. *See In re Telesphere Communications, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1994); *In re Apex Oil Co.*, 92 B.R. 847, 866 (Bankr. E.D. Mo. 1988). Ordinarily, this standard requires: (i) an articulated business justification for the sale; and (ii) evidence that the sale occurred in good faith. *See In re Shary*, 152 B.R. 724, 725 (Bankr. N.D. Ohio 1993) (citing *In re Met-L-Wood Corp.*, 861 F.2d 1012 (7th Cir. 1988), *cert. denied*, 490 U.S. 1006 (1989)); *see also Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991) (sale under § 363 involves exercise of fiduciary duty and requires an "articulated business justification").

29. The Trustee believes that the proposed Auction Sale of the Estate's right, title and interest in *The Journal of Pain*, and any associated copyright and trademark rights, set forth above represents the best opportunity to maximize the value of these assets for the Estate. The Trustee has reached this conclusion based on the exercise of his business judgment, after consultation with his counsel. Accordingly, the Trustee respectfully submits that entry of the proposed order authorizing an Auction Sale of *The Journal of Pain*, approving the Bid Procedures for the Auction Sale, and scheduling a final hearing on the Auction Sale is in the best interest of the Estate.

31. The Trustee submits that in his business judgment the proposed Auction Sale will yield the highest and best price for *The Journal of Pain*, result in significant proceeds to the Estate and is in the best interests of creditors.

9

**NOTICE**

32.   The Trustee has provided 7-days' notice of this Motion to the Debtor, all creditors who have filed claims, the U.S. Trustee and all other ECF users who have requested notice in the case.

33.   In light of the issues involved, the benefit to the Estate, and the parties' desire to conduct an Auction Sale as soon as practicably possible, the Trustee believes that the length and extent of such notice is appropriate under the circumstances and that any further notice be shortened for cause shown pursuant to Fed. R. Bankr. P. 9006(c) and 9007.

34.   The Trustee requests that this Court Approve the form of the attached Notice of Auction Sale, Bidding Procedures And Final Sale Hearing ("Notice of Sale").

35.   Notice of Sale will be served on the Debtor, all creditors and parties in interest, and those parties who have expressed an interest in purchasing the assets of the Debtor. In addition, the Trustee intends to publish the Notice of Sale in the Wall Street Journal, the Chicago Tribune and *The Journal of Pain.*

WHEREFORE, Michael K. Desmond, Trustee, prays that this Court enter an order:

A.   Approving the Auction Sale of the Estate's right, title and interest in *The Journal of Pain*;

B.   Approving the bid procedures proposed by the Trustee;

C.   Approving the form of the proposed Notice of Auction Sale, Bidding Procedures And Final Sale Hearing;

D.   Determining the notice given of the Motion to be sufficient; and

E.   Granting such other and further relief as this Court deems just and fair.

10

Dated:  October 31, 2019

                    Respectfully Submitted,

**MICHAEL K. DESMOND, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of AMERICAN PAIN SOCIETY,**

By: */s/ Michael K. Desmond*
      One of his Attorneys

Michael K. Desmond (#6208809)
Justin M. Herzog (#6324047)
FIGLIULO & SILVERMAN, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, Illinois 60603
Tel: (312) 251-4600
Fax: (312) 251-4610

11

**CERTIFICATE OF SERVICE**

The undersigned attorney states that on October 31, 2019 a copy of the attached:

**NOTICE OF MOTION**
and

**TRUSTEE'S MOTION FOR APPROVAL AUCTION SALE, APPROVAL OF BID PROCEDURES AND SCHEDULING OF FINAL HEARING**

was served on all parties listed below in accordance with Fed. R. Bankr. P. 2002, the General Order on Electronic Case Filing and subject to the provisions of Fed. R. Civ. P. 5(b)(3), the Notice of Electronic Filing that is issued through the court's Electronic Case Filing System will constitute service under Fed. R. Civ. P. 5(b)(2)(D) and Fed. R. Crim. P. 49(b) as to all Filing Users in a case assigned to the court's Electronic Case Filing System. Anyone listed below who is not registered with the Bankruptcy Court CM/ECF system was served via U.S. Mail, postage prepaid and deposited in the mailbox located at 10 S. LaSalle, Chicago, Illinois 60603.

By: */s/ Michael K. Desmond*

# Mailing Information for Case 19-18467

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Steven B. Chaiken**    schaiken@ag-ltd.com
- **Michael K Desmond**    mkd.trustee@fslegal.com, IL23@ecfcbis.com
- **Justin M. Herzog**    jherzog@fslegal.com
- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov
- **Phillip Nelson** phillip.nelson@hklaw.com
- **Kimberly E. Rients Blair**    kimberly.blair@wilsonelser.com
- **David W. Wirt**    david.wirt@hklaw.com

**Manual Notice List – Via 1st Class Mail**

American Pain Society
8735 West Higgins Road
Suite 300
Chicago, IL 60631
*(Debtor)*

R.D. Burns
PO Box 7855
Huntington Beach, CA 92615
*(Claimant - No. 1)*