# Exhibit 1

## ASSET PURCHASE AGREEMENT

THIS PURCHASE AGREEMENT (the "Agreement"), dated this _____ day of December , 2019 is entered into by and between **MICHAEL K. DESMOND, not individually, but solely in his capacity as Chapter 7 Trustee** of the bankruptcy estate of American Pain Society ("Seller") and _____ ("Purchaser") together referred to herein as (the "Parties").

## RECITALS

A.  On June 28, 2019 (the "Petition Date"), the American Pain Society ("Debtor") filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court"), thereby commencing the case No. 19-18467 and creating the Debtor's estate (the "Estate").

B.  On June 28, 2019, the Bankruptcy Court appointed Michael K. Desmond ("Trustee") as Chapter 7 Trustee of the bankruptcy Estate.

C.  As of the Petition Date, the Debtor owned the copyright and trademark rights to a widely circulated monthly medical research journal known as *"The Journal of Pain."* The Debtor's rights to the *The Journal of Pain* are property of the bankruptcy Estate.

D.  The Trustee, as Seller, has agreed to sell the Estate's right, title, and interest in *The Journal of Pain*, and Purchaser has agreed to purchase the Estate's right, title, and interest from Seller, upon and subject to all the terms and conditions set forth in this Agreement, on the Closing Date as hereinafter defined.

NOW, THEREFORE, in consideration of the foregoing Recitals, which are incorporated herein, and in consideration of the mutual covenants set forth herein, and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.  **DEFINITIONS**

    For purposes of this Agreement, the terms hereafter set forth shall have the following meanings:

    (a)  **Closing Date**: The Closing Date shall be on the later of ten (10) calendar days after approval of this Agreement by the Bankruptcy Court.

    (b)  **Debtor** : American Pain Society, debtors in Case No. 19-18467

    (c)  **Effective Date**: The Effective Date is the date of execution by Seller and inserted

1

       by Seller in the signature page.

2. **AGREEMENT TO SELL**

       Seller agrees to sell, transfer, assign and convey the Estate's right, title, and interest *The Journal of Pain,* including all copyright, trademark rights, licenses and intellectual property for *The Journal of Pain* owned by the Debtor as of the Petition Date (the "Purchased Assets"), at the price and on the terms and conditions hereafter set forth.

3. **PURCHASE PRICE**

       The purchase price (the "Purchase Price") shall be $ _____ and 00/100ths Dollars ($_____) in cash.

4. **EARNEST MONEY.**

       Buyer has tendered to Seller a Good Faith Deposit in the amount of $_____ in connection with the auction sale approved by the Bankruptcy Court. The Good Faith Deposit shall be held in escrow by the Seller pending closing of the sale, and shall be applied to the Purchase Price at closing. If the party Buyer fails to close the sale (other than as a result of the Seller's breach), such party's Good Faith Deposit hall be retained by the Trustee as the Estate's sole and exclusive damages resulting from such failure to close.

5. **ASSUMPTION OF LIABILITIES.**

       Buyer shall not assume any liabilities of Seller or the Estate. Seller shall remain liable for and pay all liabilities of the Estate incurred prior to Closing.

6. **PURCHASER FINANCING.**

       Buyer represents to Seller that this is a cash purchase and this agreement is not contingent upon Purchasers ability to obtain financing.

7. **CLOSING DATE.**

       Time shall be of the essence of this Agreement. The closing of this transaction ("Closing") shall take place on or before _____, 2019 or such earlier or later date as may be mutually acceptable to the parties hereto (the "Closing Date") at the offices of the Trustee's Counsel, Figliulo & Silverman, P.C., 10 S. LaSalle St., Suite 3600, Chicago, Illinois 60603,, or at such other place as may be approved in writing by the parties hereto or their respective attorneys.

8. **EXCLUDED ASSETS**

Anything herein to the contract notwithstanding, Seller shall retain and shall not sell, convey, transfer, assign or deliver to Buyer any interest in the following assets of Seller, and Buyer hereby acknowledges that it does not have nor will it acquire at Closing or thereafter an interest of any kind whatsoever in the following assets and properties of Seller:

(a)  Any cash or cash equivalents whatsoever, whether on hand, in banks or elsewhere;
(b)  Any and all trade accounts receivable and all books and records relating thereto;
(c)  Journal Publishing Agreement with Elsevier, Inc. dated September 7, 2017 and any rights thereunder;
(d)  Debtor's corporate minute books and accounting books and records;
(e)  Causes of action and litigation rights existing as of the Closing in favor of Seller, including any and all causes of action arising under Sections 510, 544-553 of the Bankruptcy Code and all original books and records relating thereto, and further including, but not limited to, any and all assets, if any, recovered by Seller's estate in the Bankruptcy Case from the prosecution and/or resolution of any and all of the causes of action and litigation rights set forth herein; and
(f)  Rights or other tax benefits arising from Seller's arising prior to the Closing.

9. **SELLER'S REPRESENTATIONS AND WARRANTIES.**

Seller, as a material inducement to the execution of this Agreement by Buyer, represents and warrants to Buyer:

(a)  Seller is the Court appointed Bankruptcy Trustee and has the right and power to sell and assign, as the case may be, the Purchased Assets pursuant to Sections 363 and 365 of the Bankruptcy Code, subject only to the approval of the Bankruptcy Court.

(b)  Subject only to the prior approval of the Bankruptcy Court, Seller has full power and authority to execute and perform this Agreement and all documents and instruments to be executed by Seller pursuant to this Agreement. This Agreement has been executed and delivered by duly authorized officers of Seller. Upon the approval of the Bankruptcy Court, this Agreement shall constitute a legal, valid and binding obligation of Seller enforceable against Seller in accordance with its terms.

(c)  Neither the execution and delivery of the Agreement by Seller, nor the consummation by Seller of the transactions contemplated hereby, will conflict with or result in a breach of any of the terms, conditions or provisions of Seller's

3

Certificate of Incorporation of by-laws, or of any statute or administrative regulation, or of any order, writ, injunction, judgment or decree of any court or governmental authority or of any arbitration award to which Seller is a party or by which Seller is bound.

**BUYER HAS INSPECTED THE PURCHASED ASSETS TO THE EXTENT BUYER DEEMS NECESSARY IN CONNECTION WITH THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT AND IS BUYING THE ASSETS <u>AS IS WHERE IS</u>. EXCEPT AS EXPRESSLY SET FORTH HEREIN, BUYER ACKNOWLEDGES THAT SELLER HAS NOT MADE, DOES NOT INTEND TO MAKE, AND HEREBY EXPRESSLY DISCLAIMS ANY AND ALL EXPRESS OR IMPLIED REPRESENTATIONS, WARRANTIES, STATEMENTS OR CONDITIONS OF ANY KIND OR NATURE WHATSOEVER AS TO THE VALIDITY OF ANY COPYRIGHT, TRADEMARK, RIGHTS, LICENSES OR INTELLECTUAL PROPERTY ASSIGNED TO THE BUYER, THE PRESENT, PAST OR FUTURE PHYSICAL CONDITION OR QUALITY OF THE ASSETS, INCOME, EXPENSES, OPERATION, MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, OR ANY OTHER MATTER AFFECTING OR RELATING TO THE DEBTOR'S BUSINESS OR THE PURCHASED ASSETS.**

10. **<u>BUYER'S REPRESENTATIONS AND WARRANTIES.</u>**

   Buyer, as a material inducement to the execution of this Agreement by Seller, represents and warrants to Seller

   Buyer is a corporation duly organized and validly existing under the laws of the State of_____.

   (a) Buyer has full power and authority to execute and perform this Agreement and all documents and instruments to be executed by Buyer pursuant to this Agreement. This Agreement has been executed and delivered by duly authorized officers of Buyer. Upon the approval of the Bankruptcy Court, this Agreement shall constitute a legal, valid and binding obligation of Buyer enforceable against Buyer in accordance with its terms.

   (b) Neither the execution and delivery of the Agreement by Buyer, nor the consummation by Buyer of the transactions contemplated hereby, will conflict with or result in a breach of any of the terms, conditions or provisions of Buyer's Certificate of Incorporation, or of any order, writ, injunction, judgment or decree of any court or governmental authority or of any arbitration award to which Buyer is a party or by which Buyer is bound.

4

11. **APPROVAL OF BANKRUPTCY COURT**

Seller's agreement to sell is expressly conditioned on approval of this Agreement by the United States Bankruptcy Court for the Northern District of Illinois, presiding over the bankruptcy case styled, In Re: American Pain Society, Case No. 19-18467. Seller shall be solely responsible for obtaining approval of the Bankruptcy Court.

12. **INDEMNITY OF SELLER.**

Buyer agrees to indemnify, defend and hold harmless, including pauyment of attorney's fees and costs, Seller, his attorneys, agents, affiliates, successors and assigns (the "Seller Indemnified Parties") from and against any and all Losses incurred by the Seller Indemnified Parties as a result of or arising out of (a) any inaccuracy in or breach of any of the representations, warranties or covenants made by Buyer in this Agreement or any document or agreement delivered in connection with this Agreement; (b) any liability of Seller to the extent assumed by Buyer; (c) the use of the Purchased Assets or operation of Buyer's business subsequent to the Closing Date; or (d) any action or omission of Buyer or Buyer's officers, managers, members, independent contractors, employees, agents and affiliates.

13. **MISCELLANEOUS**

13.1 Governing Law. It is the intention of the parties that internal laws of the State of Illinois (irrespective of its choice of law principles) shall govern the validity of this Agreement.

13.2 Assignment; Successors and Assigns. Neither this Agreement nor any rights, benefits or obligations set forth herein may be assigned by any of the parties hereto, except that Purchaser may, without consent of any other party, assign this Agreement and any of the provisions hereof: (a) to any affiliate of Purchaser; (b) in connection with the sale of all or a substantial part of its assets or business; or (c) to any of its financing sources as collateral security. Except as otherwise provided herein, each and all of the covenants, terms, provisions and agreements contained herein shall be binding upon, and shall inure to the benefit of, the successors, executors, heirs, representatives, administrators and assigns of each of the respective parties.

13.3 Severability. If any provision of this Agreement, or the application thereof, shall for any reason and to any extent be invalid or unenforceable, the remainder of this Agreement and application of such provisions to other persons or circumstances shall be interpreted so as best to reasonably effect the intent of the parties hereto. The parties further agree to replace any such invalid or unenforceable provisions of this Agreement with valid and enforceable provisions which will achieve, to the extent possible, the economic, business and other purposes of the invalid or unenforceable provisions.

5

13.4     Entire Agreement.  This Agreement, the Exhibits and Schedules hereto and all other documents referenced herein constitute the entire understanding and agreement of the parties with respect to the subject matter hereof and supersede all prior and contemporaneous agreements or understandings, written or oral, among the parties with respect to such subject matter.

13.5     Counterparts.  This Agreement may be executed in any number of counterparts and by facsimile, each of which shall be an original as against any party whose signature appears thereon and all of which together shall constitute one and the same instrument.

13.6     Expenses.  Subject to the terms and conditions of this Agreement, each of the parties shall bear its own expenses incurred in connection herewith.

13.7     Amendment.  Any term or provision of this Agreement may be amended, and the observance of any term of this Agreement may be waived (either generally or in a particular instance and either retroactively or prospectively) only by a writing signed by the party to be bound thereby.

13.8     No Waiver.  The failure of any party to enforce any of the provisions hereof shall not be construed to be a waiver of the right of such party thereafter to enforce such provision.

13.9     Attorneys' Fees.  Should a suit be brought relating to this Agreement, and the Trustee is the prevailing party, the Trustee shall be entitled to recover reasonable attorneys' fees (including, without limitation, costs, expenses and fees of any appeal).

13.10    Notices.  Whenever any party hereto desires or is required to give any notice, demand or request with respect to this Agreement, each such communication shall be in writing and shall be effective only if it is delivered by personal service, sent by express courier service with guaranteed next day delivery, charges prepaid, or mailed by United States certified mail, postage prepaid, return receipt requested, addressed as follows:

If to Purchaser:                                         with a copy to:

[PURCHASER]

_____

_____

Attn: Fax: _____

If to Seller:                                              with a copy to:

Each such communication shall be effective when received by the addressee thereof or, if sent by express courier, within one day after pick-up by such courier or, if sent by registered or certified mail in the manner set forth above, three days after being deposited in the United States mail. Any party may change its address for such communications by giving notice thereof to the other parties in conformity with this section.

13.11   Construction of Agreement. This Agreement has been negotiated by the parties and reviewed by their respective attorneys and the language hereof shall not be construed for or against any party.

13.12   Further Assurances. Upon the reasonable request of Purchaser, Seller will on and after the Closing Date execute and deliver to Purchaser such other documents, releases, assignments and other instruments as may be required to effectuate completely the transfer and assignment to Purchaser of, and to vest fully in Purchaser title to, the Purchased Assets.

13.13   Captions and Headings. The captions and headings used in this Agreement are for convenience of reference only and do not constitute a part of this Agreement and shall not be deemed to limit, characterize or in any way affect any provision of this Agreement.

13.14   Submission to Jurisdiction; Choice of Forum. Each of the parties submits to the exclusive jurisdiction of any state or federal court sitting in Cook County, Illinois, in any action or proceeding arising out of or relating to this Agreement or the transactions contemplated herein. Each of the parties waives any defense of inconvenient forum to the maintenance of any action or proceeding so brought and waives any bond, surety or other security that might be required of any other party with respect thereto. Each party hereby authorizes and accepts service of process sufficient for personal jurisdiction in any action against it as contemplated by this Section by registered or certified mail, return receipt requested, postage prepaid, to its address for the giving of notices as set forth in this Agreement.

13.15   Waiver of Jury Trial. The parties hereto hereby expressly waive any right to a trial by jury in any action or proceeding to enforce or defend any right, power or remedy under or in connection with this Agreement or the transactions contemplated thereby or under or in connection with any amendment, instrument, document or agreement delivered or which may in the future be delivered in connection herewith or therewith or arising from any relationship existing in connection with this Agreement or the transactions contemplated thereby, and agree that any such action shall be tried before a court and not before a jury. The terms and provisions of this Section constitute a material inducement for the parties entering into this Agreement.

**[SIGNATURE PAGE FOLLOWS]**

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed and delivered the day and the date first above written.

| | |
|---|---|
| **PURCHASER:** | **SELLER:** |
| | **MICHAEL K. DESMOND,** not individually but solely in his capacity as Chapter 7 Trustee for American Pain Society |
| By:_____ | |
| Name: | |
| Dated:_____ | By: |
| | _____ |
| | **Trustee** |
| | Dated:_____ |

# Exhibit 2

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 19-18467 |
| | ) | |
| AMERICAN PAIN SOCIETY, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Deborah Thorne |
| | ) | |
| | ) | **Final Hearing :**  December 17, 2019 |
| | ) | **Hearing Time:**  9:30 a.m. |
| | ) | **Room No.:**  613 |

### NOTICE OF AUCTION SALE, BIDDING PROCEDURES AND FINAL SALE HEARING

TO ALL CREDITORS AND OTHER PARTIES IN INTEREST

PLEASE TAKE NOTICE:

On June 28, 2019 (the "Petition Date"), American Pain Society ("Debtor") filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court"). Michael K. Desmond ("Trustee") was appointed as the chapter 7 trustee of the Estate on the Petition Date.

1. **Sale Motion**: On November 7, 2019, the Trustee presented a motion for the entry of an Order (i) approving Bid Procedures for the sale of the Estate's right title and interest in *The Journal of Pain*, ("Purchased Assets"); (ii) scheduling an Auction Sale; (iii) approving the form and manner of the Sale Notice; and (iv) scheduling a final hearing ("Final Hearing") to consider approval of the Auction Sale and entry of an order ("Sale Order") approving the sale of the Purchased Assets to the Successful Bidder; and (v) granting related relief.

2. **Sale of Assets**. The Trustee shall offer for sale the Estate's right title and interest in *The Journal of Pain*, and any associated copyright and trademark rights held by the Estate, free and clear of any existing liens, claims or encumbrances to the extent provided for in section 363 of the Bankruptcy Code. Information regarding the Purchased Assets may be obtained from the Trustee's counsel at Figliulo & Silverman, P.C., 10 S. LaSalle St., Suite 3600, Chicago, IL 60603, Michael K. Desmond (312) 251-5287, mdesmond@fslegal.com or Justin M. Herzog (312) 251-5278, jherzog@fslegal.com.

3. **Bidding Procedures Order**: On November 7, 2019, the Bankruptcy Court entered the Bidding Procedures Order and set (i) **December 9, 2019** (the "Bid Deadline") as the deadline to submit offers; (ii) **December 12, 2019 at 11:00 a.m.** as the date of the Auction (the "Auction

Date"); and (iii) **December 17, 2019 at 9:30 a.m.** as the date of the Final Hearing before the Honorable Deborah Thorne, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Courtroom 613, Chicago, Illinois 60604. [Docket No. ___]. Copies of the Sale Motion (including the form purchase agreement) and the Bidding Procedures Order can be obtained by: (1) accessing the Court's electronic docket for this case via its PACER website at https://ecf.ilnb.uscourts.gov/cgi-bin/login.pl; (2) visiting the Office of the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division at 219 S. Dearborn Street, Chicago, Illinois 60604; or (3) contacting the Trustee's counsel at Figliulo & Silverman, P.C., 10 S. LaSalle St., Suite 3600, Chicago, IL 60603, Michael K. Desmond (312) 251-5287, mdesmond@fslegal.com or Justin M. Herzog (312) 251-5278, jherzog@fslegal.com.

4. **Submission of Offers**: All potential buyers desiring to bid at the Auction shall be required to comply with the terms of the Bidding Procedures attached to the Bid Procedures Order as Exhibit 1. Among other things, (i) all bids must be in the form of the purchase agreement attached as Exhibit 1 to the Bidding Procedures; (ii) all bids must be received by the Bid Deadline as provided for in the Bidding Procedures; and (iii) potential bidders must demonstrate to the Debtors the financial ability to close the proposed transaction.

5. **Auction**: As set forth in the Bid Procedures Order, the auction shall take place on **December 12, 2019 at 11:00 a.m.** at the offices of the Debtors' counsel, Figliulo & Silverman, P.C., 10 S. LaSalle St., Suite 3600, Chicago, IL 60603.

November ___, 2019

        **MICHAEL K. DESMOND, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of AMERICAN PAIN SOCIETY,**

By: ___*/s/ Michael K. Desmond*___
     One of his Attorneys

Michael K. Desmond (#6208809)
Justin M. Herzog (#6324047)
FIGLIULO & SILVERMAN, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, Illinois 60603
Tel: (312) 251-4600
Fax: (312) 251-4610