IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 19-18467 |
| | ) | |
| AMERICAN PAIN SOCIETY, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Deborah Thorne |

**ORDER APPROVING AUCTION SALE, BIDDING PROCEDURES
AND SCHEDULING FINAL SALE HEARING**

This matter comes before the Court on the Motion of Michael K. Desmond, not individually but solely in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of American Pain Society ("the Debtor"), by his attorneys and pursuant to 11 U.S.C. 363 and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), moves this Court for entry of an order approving an auction sale the Estate's right title and interest in *The Journal of Pain* ("Motion"), approving bid procedures and scheduling a final hearing on the Auction Sale, due notice having been given and the Count being fully advised:

**IT IS HEREBY ORDERED:**[1]

1. The Trustee's Motion for authority to conduct an Auction Sale of the Estate's right title and interest in *The Journal of Pain* is granted.

2. A Final Hearing for approval of the Sale to the Successful Bidder is scheduled for **December 17, 2019 at 10:30 a.m.**

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

3. The Court approves the following bid procedures as set forth in the Motion:

**BID PROCEDURES**

4. Assets to be sold: The Trustee is offering for sale the Estate's right, title and interest in *The Journal of Pain*, and any associated copyright and trademark rights to *The Journal of Pain* held by the Estate ("**Purchased Assets**").

5. Excluded Assets: All other assets of the Estate are specifically excluded. Additionally, the Trustee does not intend, and is not offering, to assume and assign the rights to the Publishing Agreement with Elsevier in connection with the sale of *The Journal of Pain*.

6. Deadline for Bid Submissions. Bids shall be due on or before December 9, 2019 at 5:00 p.m. (Central Time) (the "**Bid Deadline**").

7. Required Submissions for Bidding. In order to submit a bid, each person or entity ("**Potential Bidder**") must deliver to the Trustee via overnight mail or courier to Michael K. Desmond, Figliulo & Silverman, P.C., 10 S. LaSalle St., Suite 3600, Chicago, IL 60603 the following on or before the bid deadline:

    a. An executed Purchase Agreement (hard copy and electronic Microsoft Word document ) for the purchase of *The Journal of Pain*, with such Purchase Agreement substantially in the form attached to the Motion as Exhibit 1, and an electronic markup of the Potential Bidder's Purchase Agreement showing any and all amendments and modifications from the form of Purchase Agreement, including, but not limited to, purchase price and contact information of the Potential Bidder;

b. the Potential Bidder's Purchase Agreement provides that the Potential Bidder is prepared to Consummate the transaction contemplated by the Purchase Agreement no later than the Closing Date;

c. the Potential Bidder's deposit in the form of a cashier's check, or otherwise immediately available funds in the amount of 10.0% of the Purchase Price ("**Good Faith Deposit**") set forth in the Purchase Agreement payable to the Trustee, to be submitted along with the bid (funds to be delivered to Trustee);

d. written evidence satisfactory to the Trustee of the Potential Bidder's authority or approval of the contemplated transaction and an affirmative statement that no other consents are required;

e. financial statements (or other financial information acceptable to the Trustee in his sole and absolute discretion) showing that the Potential Bidder has the financial ability to close on the Purchased Assets by the Closing Date;

f. a signed statement indicating that the Purchase Agreement is irrevocable until (i) the Auction has taken place and the Potential Bidder is not approved as the Successful Bidder or Back-up Bidder whether due to the Potential Bidder being not selected by the Trustee in his sole discretion or for any other reason whatsoever, in which case the Potential Bidder's Good Faith Deposit will be refunded unless otherwise forfeited pursuant to paragraph 13 below; or (ii) one business day following the closing of the Sale, in the event the Potential Bidder is selected as the Successful Bidder or Back-up Bidder, in which case, the Potential Bidder's Good Faith Deposit shall not be

3

    refunded until the Potential Bidder or another bidder has consummated the transaction;

 g. a signed statement acknowledging the prohibition against collusive bidding;

 h. The Trustee will not consider any offer that requires payment of a Termination Fee or other "stalking horse" protections or requires due diligence or financing contingencies of any kind.

8. <u>Determination of Qualified Bids.</u> A bid that complies with and is accompanied by the information set forth in Paragraph 7 above, as determined in the sole discretion of the Trustee, will be deemed a "**Qualified Bid**." A "**Qualified Bidder**" is a Potential Bidder that submits a Qualified Bid and, in the Trustee's sole discretion is determined to demonstrate the financial capability to consummate the purchase of the Purchased Assets that is the subject of its Qualified Bid.

9. <u>Impact of Bid Rejection.</u> If the Trustee determines that a Potential Bidder is not a Qualified Bidder, the Trustee shall return the Potential Bidder's Good Faith Deposit to the Potential Bidder promptly upon such determination. At the Auction, only Qualified Bidders who have submitted Qualified Bids for the Purchased Assets shall have the right to bid on the Purchased Assets. If no Qualified Bids are submitted to the Trustee prior to the Bid Deadline, the Auction shall be canceled.

10. <u>Timing and Location of Auction.</u> The Auction shall be conducted on **December 12, 2019** (the "**Auction Date**") at **11:00 a.m**. CDT. The Auction will be held at the offices of Figliulo & Silverman, P.C., 10 S. LaSalle St., Suite 3600, Chicago, Illinois 60603, or such other location designed by Trustee in advance of the Bid Deadline. In addition to the Trustee and his counsel and other advisors, one representative from each of the

Qualified Bidders that submitted a Qualified Bid, along with their respective professionals and advisors, will be permitted to attend the Auction. In the event of a change in time or place of the Auction, the Trustee shall take commercially reasonable efforts to notify all Qualified Bidders who have timely submitted Qualified Bids on or before the Bid Deadline.

11. <u>Bid Increments.</u>   At the Auction, Qualified Bidders may increase their Qualified Bids in minimum bid increments of $10,000.00.

12. <u>Procedures for the Auction.</u>   The Auction shall be conducted in accordance with commercially reasonable procedures as shall be established by Trustee and his legal counsel. The Trustee reserves his right to modify the Auction procedures at any time in his sole and absolute discretion.

13. <u>Determination of Successful Bid</u>.   Upon completion of the auction, the Trustee, in his sole discretion shall select the Qualified Bid that will maximize the value of the Purchased Assets and is in the best interest of the bankruptcy Estate (the "**Successful Bid**"). The Good Faith Deposit, as the case may be, for any Qualified Bidder shall be non-refundable until the Closing. If the party submitting the successful Bid (the "**Successful Bidder**") fails to close the sale (other than as a result of the Trustee's breach), such party's Good Faith Deposit hall be retained by the Trustee as the Estate's sole and exclusive damages resulting from such failure to close.

14. <u>Right to Select Back-Up Bidder(s)</u>.   At the conclusion of the Auction, the Trustee may designate a "Back-Up Bidder" or multiple Back-Up Bidders (each a "**Back-Up Bidder**"), if necessary, provided that each Back-Up Bidder is willing to purchase the Purchased Assets for at least the Back-Up Bidder's last bid at the Auction. If, for any reason, the

party that submits the Successful Bid fails to consummate the purchase of the Purchased Assets:

    a. the Back-Up Bidder designated by Trustee shall be deemed to have submitted the highest and best bid, and shall be deemed the Successful Bid, and the Successful Bidder; and

    b. Trustee shall have the right to effectuate the sale of the Purchased Assets to the Back-Up Bidder as soon as is commercially reasonable.  Such Back-Up Bidder's Good Faith Deposit shall be held in escrow until the closing of the transaction with the Successful Bidder.

15. <u>Termination Fee</u>.  The Trustee will not consider any offer that requires payment of a Termination Fee, and will not agree to pay a Termination Fee.

16. <u>Bankruptcy Court Approval</u>.  The Auction Sale and the Trustee's agreement sell *The Journal of Pain* are expressly conditioned on approval by this Court.

17. <u>Final Hearing on Auction Sale</u>  A Final Hearing to approve the Auction Sale will be held on **December 17, 2019 at 10:30 a.m.**

18. The Trustee shall serve a copy of the Notice of Sale Hearing to all creditors.  The form of the Notice of Sale Hearing attached to the Motion as Exhibit 2 is approved.

19. Objections to the Sale, if any shall be filed on or before **December 16, 2019,** and shall be served on the Trustee, his counsel and all other parties requesting notice.

20. Notice of this motion is deemed sufficient.

Dated: November 7, 2019

                                                          Honorable Deborah Thorne
                                                          Bankruptcy Judge

Prepared by:

Michael K. Desmond (#6208809)
Justin M. Herzog (#6324047)
FIGLIULO & SILVERMAN, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, Illinois 60603
Tel: (312) 251-4600
Fax: (312) 251-4610